**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **4:19-CR-583-SRC-NAB** |
| | ) | |
| **KYLE GREEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MOTION TO REVOKE THE MAGISTRATE'S DETENTION ORDER

Defendant Kyle Green ("Green"), by and through undersigned counsel, hereby moves this Court, pursuant to 18 U.S.C. § 3145(b), to: (1) revoke the detention order issued by the magistrate judge (Doc. 15); and (2) release Green on bail with a combination of conditions of release that will reasonably assure his appearance at trial and the safety of the community or any other person. Green also requests an evidentiary hearing.

In support of its motion for detention, the Government elicited the testimony of a single witness: FBI Special Agent David Rapp. Rapp testified that Green was investigated and arrested in December 2018 for the charges at issue in the pending indictment. *See* August 12, 2019 Detention Hearing Tr. at 8. Rapp further testified that he had no personal involvement in that investigation. *Id.* at 16. Rapp testified that he learned that a vigilante trucker Facebook group—KTS Trucker Predators—had allegedly filmed an encounter with Green in June 2019. *Id* at 13-14. Rapp testified that law enforcement had absolutely no involvement in the alleged June 2019 incident involving the vigilante truckers. *Id.* at 22-23.

Green adduced testimony from his father, William V. Green, IV. *Id.* at 27. Green's father testified that Green had resided with him and his wife for the past 9 months and that they would

welcome Green back into their home if he were released on bond and would ensure that Green complied with any and all conditions of release imposed by this Court. *Id.* at 27-33.

The magistrate judge correctly concluded that Green rebutted the presumption of detention based on testimonial evidence introduced at the detention hearing but concluded that there are no conditions of release sufficient to secure the safety of the community. (Doc. 15 at 2). However, because the Government failed to satisfy its burden of proof that Green poses a danger to the community, the magistrate judge's conclusion was erroneous, and this Court, following a de novo review, should release Green on bond.

## I. Procedural Background

Green is charged in a two-count indictment returned on July 25, 2019. (Doc. 1). Count 1 charges Green with attempted online enticement of a minor in violation of 18 U.S.C. § 2422(b). (*Id.*). Count 2 charges Green with attempted receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). (*Id.*). Green has entered a plea of not guilty to both counts.

On August 12, 2019, Magistrate Judge Mensah conducted a detention hearing during which she heard both argument and testimony. (Doc. 12). On August 14, 2019, Magistrate Judge Mensah issued an order of detention pending trial, concluding that no condition or combination of conditions of release could reasonably assure the safety of any other person and the community. (Doc. 15).

## II. Applicable Law

The Bail Reform Act (hereinafter, the "Act") preserves the preference of release of the accused pending trial. *See United States v. Salerno*, 481 U.S. 739, 755 (1987). Liberty is the norm, and detention prior to trial is "the carefully limited exception." *Id.* As the Eighth Circuit has held,

> The passage of the pretrial detention provision of the 1984 Act did not...signal a congressional intent to incarcerate wholesale the category of accused persons

> awaiting trial. Rather, Congress was demonstrating its concern about "a small but identifiable group of particularly dangerous defendants as to whom neither the impostion [sic] of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons."

*United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985) (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, *reprinted in* 1984 Code Cong. & Ad. News at 3189).

Consistent with the plain language of the statute and with the intent of Congress, the Act encourages release of the accused pending trial so long as some condition or combination of conditions can reasonably assure the appearance of the accused at trial and the safety of the community or any other person. *Id.* at 890-91. "The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention." *Id.* at 891. Moreover, "[d]oubts regarding the propriety of release are to be resolved in favor of defendants." *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).

Pursuant to 18 U.S.C. § 3142(e)(3)(E), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the magistrate finds that there is probable cause to believe that Green committed an offense prohibited by 18 U.S.C. § 2422—the statute at issue in Count 1 of the indictment—or an offense prohibited by 18 U.S.C. § 2252A(a)(2)—the statute at issue in Count 2 of the indictment.

However, "[i]n a presumption case such as this, a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered

among those weighed by the district court." *Mercedes*, 254 F.3d at 436. The Government "retains the ultimate burden of persuasion *by clear and convincing evidence* that the defendant presents a danger to the community." *Id.* (emphasis added).

## III. Green Does Not Pose A Danger to Any Other Person or The Community and This Court Can Impose a Condition or a Combination of Conditions to Reasonably Assure This

### A. Evidence Presented at the Detention Hearing

At the detention hearing, Green cross-examined the Government's sole witness and also introduced the testimony of his father. The Government's sole witness, Rapp, testified that the investigation that led to the charges at issue in the present case was not originally an FBI investigation. *See* August 12, 2019 Detention Hearing Tr. at 16. Rapp testified that he was not personally involved in the investigation. *Id.*

Rapp also testified that he, at some point, learned that some sort of vigilante trucker group with a Facebook page had apparently filmed an alleged encounter with Green at some point in June 2019. *Id.* at 22. Rapp testified that this group of truckers is in no way associated with law enforcement and that no member of law enforcement was present when the truckers allegedly filmed an encounter with Green in June 2019. *Id.* at 22-23. Rapp testified that the FBI does not regularly rely on information gathered by vigilante trucker groups. *Id.* at 23. He further testified that the video of the alleged encounter with the truckers included some stops in the recording and that he could not say one way or the other whether the recording of the encounter was a true and accurate recording of anything that transpired that day. *Id.* at 23-24. Rapp also testified that the alleged encounter with the vigilante truckers was not the basis for any criminal charges pending before this, or any other, Court. *Id.* at 25. Finally, Rapp testified that the arrest of Green was

entirely without incident and that both Green and his family were completely cooperative. *Id.* at 22.

Green's father, William Green, testified at the detention hearing as well. *See id*. at 27. Mr. Green testified that his son could reside with him and his wife at their home in the greater St. Louis area if he were released on bond and that he and his wife would provide financial assistance and would ensure that Green complied with all conditions of release in the event this Court released Green on bond. *Id.* at 27-31.

B. Green Rebutted the Presumption of Detention

When an individual is charged with violating the statutes at issue in the pending indictment, a rebuttable presumption arises, under 18 U.S.C. § 3142(e)(3), that no condition or combination of conditions will reasonable assure the appearance of the defendant and the safety of the community. Here, the magistrate judge correctly concluded that Green adduced sufficient evidence to rebut the presumption. (Doc. 15 at 2). The Government did not object to this correct factual finding. Furthermore, the magistrate judge did not conclude that the Government had proven by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Green's appearance as required. (*Id.*).

C. The Magistrate Judge's Conclusion Was Not Supported by Sufficient Evidence

Despite correctly concluding that Green had rebutted the presumption of detention and that the Government not proven that Green presented a risk of flight, the magistrate judge erroneously concluded that detention was warranted in this case because the Government had proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. (*Id.*).

This conclusion was incorrect because the magistrate judge erroneously gave weight to the unsupported, non-law enforcement actions allegedly taken by an untrained group of vigilante truckers, all based on a video that the Government's sole witness testified he could not even say was true and accurate, to conclude that no conditions of release could reasonably assure the safety of the community. (*Id.* at 3).

During argument at the hearing, defense counsel highlighted the fact that Green has been represented by undersigned counsel since December 2018 and that undersigned counsel was in regular and consistent contact with law enforcement and with the United States Attorney's Office about the allegations at issue in this case. *See* August 12, 2019 Detention Hearing Tr. at 39. Undersigned counsel noted that Green comes from an extremely supportive family who were all present in Court at the detention hearing. *Id.* at 40. Counsel also noted that Green's family would happily allow him to continue residing in their home were this Court to grant him release on bond. *Id.* Further, defense counsel noted that Green's family would willingly post a reasonable bond in this case. *Id.*

Counsel noted that Green would willingly submit to any conditions of release that this Court saw fit including, but not limited to, electronic monitoring, a curfew, mental health counseling, and limitations regarding computer and phone access. *Id.* at 41. Counsel also highlighted Green's deep ties to the St. Louis area. *Id.* at 42-43.

Finally, undersigned counsel noted that Green is presumed innocent of the pending charges and that the allegations of uncharged conduct related to the alleged incident involving the non-law enforcement vigilante truckers was of no relevance to this Court's consideration of whether Green was a danger to the community. *Id.* at 43. Stated simply, defense counsel maintained that it was

clear that the Court could unquestionably impose a condition or a combination of conditions that would reasonably assure the safety of the community.

In the detention order, the magistrate focused a great deal on the uncharged allegations related to the apparent actions of the vigilante trucker Facebook group. Specifically, the magistrate stated, "evidence presented at the hearing suggests that, less than six months after being the target of a sting operation in which defendant was arrested when he appeared at a hotel purportedly to have sex with a minor, defendant was the target of a second non-law enforcement sting operation in which it appears defendant visited a McDonald's restaurant to meet underage girls who he allegedly attempted to entice to have sex with him." (Doc. 15 at 3). However, it was error to place emphasis on the uncorroborated allegations of a non-law enforcement group of vigilante truckers. Indeed, Special Agent Rapp testified that the video captured by the truckers included stops and he could not testify that it was an accurate representation of what allegedly occurred. *See* August 12, 2019 Detention Hearing Tr. at 23-24. Furthermore, Green is presumed innocent of the crimes alleged in the indictment—and this uncharged conduct that apparently motivated detention should carry the same presumption of innocence.

The Government had the burden of establishing by *clear and convincing evidence* that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. The magistrate judge's conclusion that the Government satisfied its burden of proof was erroneous. As such, this Court should revoke the detention order and place Green on bail subject to a combination of conditions of release that will reasonably assure the safety of the community and Green's appearance as required before this Court.

**IV. Conclusion**

Based on the foregoing, Green respectfully requests that this Court revoke the detention order entered by the magistrate judge and, pursuant to 18 U.S.C. § 3145(b), place Green on bail subject to a combination of conditions of release that will reasonably assure the safety of the community and will reasonably assure his appearance as required before this Court.[1] Green also respectfully requests that this Court set this matter for an evidentiary hearing.

Respectfully submitted,

**Margulis Gelfand, LLC**

*<u>/s/ William S. Margulis</u>*

WILLIAM S. MARGULIS, #37625
JUSTIN K. GELFAND, #62265
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
bill@margulisgelfand.com
justin@margulisgelfand.com
ATTORNEYS FOR DEFENDANT

[1] Attached as Exhibit 1 is Green's proposed conditions of pretrial release.

**Certificate of Service**

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

*/s/ William S. Margulis*

WILLIAM S. MARGULIS, #37625
JUSTIN K. GELFAND, #62265
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
bill@margulisgelfand.com
justin@margulisgelfand.com
ATTORNEYS FOR DEFENDANT