UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19CR0583 SRC (NAB) |
| | ) | |
| KYLE GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION AND DE NOVO REVIEW OF THE DENIAL OF PRETRIAL RELEASE

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Colleen Lang, Assistant United States Attorney for said district, and files its' response to the Defendant's motion to revoke the Magistrate Judge's detention order.

In this case, the defendant has been charged by Indictment with Count One: Attempted Online Enticement of a Minor and Count Two: Attempted Receipt of Child Pornography. The Government requested the defendant be detained awaiting trial due to the defendant being a danger to the community and a flight risk. The Government relied on the nature of the charges indicted, the circumstances surrounding the case, and the testimony presented at the detention hearing. The Magistrate Court granted the Government's motion and ordered the Defendant detained while awaiting trial.

In the Court's Order, Magistrate Judge Mensah found that while the defendant was able to rebut the presumption, detention was still warranted to assure the safety of the community.

1

(Doc. #15 at 3). Magistrate Judge Mensah clearly stated her reasoning for this decision. In the Magistrate Court's Detention Order, she states "there is compelling evidence in this case that, within a span of less than a year, defendant was caught on two separate occasions apparently actively attempting to entice minor females to have sex with him. . . . the nature and seriousness of danger to minor girls specifically and the community at large is significant." (Doc. #15 at 3). The Magistrate Judge's ruling to detain should be upheld.

## Attempted Online Enticement of a Minor Title 18, U.S.C. Section 2422(b) and Attempted Receipt of Child Pornography, Title 18, U.S.C. Section 2252A(a)(2) are presumption of detention charges under Title 18 Section 3142(e)(3)(E)

Under Title 18 U.S.C., Section 3142(e)(3)(E), subject to rebuttal by the defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe the person committed – an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), **2252A(a)(2),** . . . and **2422**. Thus, since the defendant has been indicted by a Grand Jury for two counts that fall within Title 18, Section 3142(e)(3)(E), there is a rebuttal presumption of detention in this case. In an Opinion and Order from the North District of Indiana in a similar case, District Court Judge Jon Deguilio described this as, "Congress has placed a statutory finger on the scale, weighing against the defendant. Pursuant to 18 U.S.C. § 3142(e)(3)(E)." In that same Opinion and Order, Judge Deguilio went on to say, "The government has substantiated the charges to the level required at this stage of a criminal proceeding, and Congress has mandated (quite reasonably) that, provided that probable cause is demonstrated, those who victimize minors are presumed to pose a danger to the community. *See* **§** 3142(e)(3)(E)**.**" *United States vs. Troup*, 2012 WL 1301244.

In the case at hand, the Government proffered evidence at the detention hearing that was sufficient to demonstrate that there was probable cause to believe the defendant had committed the acts charged in the Indictment. As such, the presumption that no condition (or combination of conditions) will reasonably assure the safety of the community applies. However, even if the defendant met his burden of production to rebut the detention presumption, we argue that there is sufficient evidence to establish he is a danger to the community.

**Factors Under Title 18 U.S.C. Section 3142(g) Show Detention is Necessary.**

Title 18 U.S.C. Section 3142(g) lists the factors for the Judge to consider on pre-trial detention. These factors include the nature of the charge; the weight of the evidence; the history of defendant; the defendant's character; whether the defendant was on probation or parole; and danger to the community. While the defendant was not on parole or probation when he committed this crime, the crime charged is a serious offense involving the attempted exploitation of a minor. There is significant evidence showing the defendant is one whom committed the crime and the defendant is looking at a lengthy prison sentence if convicted.

Specifically in regards to the nature of this case and the evidence against the defendant, he should be detained. A factual summary of the case is as follows: in December of 2018, Sgt. Adam Kavanaugh of the St. Louis County Police Department was undercover on an social media application. Sgt. Kavanaugh was posing as an adult woman with a fourteen-year-old daughter. In the undercover capacity, Sgt. Kavanaugh posted online that was "she" interested in "taboo" and "incest." On December 3, 2018, the defendant responded to the undercover (hereafter "UC") stating he had similar interests. The two began to send each other messages over the social media application "KIK." Defendant Green confirmed with the UC that she has a fourteen-year old daughter and told the UC he likes to watch and look at photos and videos of minors. The UC

and Green agreed to meet at a hotel where Green would have sex with the fourteen-year old girl and the mother. Green agreed to bring the condoms. Defendant Green asked the UC to send a photograph of the fourteen-year old girl, and specifically asked for a photograph that showed the child's "boobs, butt, pussy, Spread." UC told Green the requested photographs would be sent to him encrypted. The UC sent three image files to the defendant, two of them were corrupt files that cannot open, and the third image was of an adult. Defendant Green received the files, purporting to be child pornography, and told the UC that he was unable to open them and asked the UC to send the files again. UC again sent the corrupted files, which Green could not access. UC and Green agreed to meet at a hotel in Brentwood, Missouri, on December 12, 2018, so Green could have sex with the fourteen-year-old girl. The UC agreed to bring the child pornography photographs to their hotel meeting to give to the defendant since he had been unable to access them earlier. On December 12, 2018, Defendant Green arrived at the hotel at the scheduled date and time. A female undercover officer met Green and handed him a thumb drive of purported child pornography, which he accepted. Defendant was then placed under arrest. After arrest, defendant was interviewed and released pending a further investigation.

On Saturday, June 29, 2019, O'Fallon, Illinois Police were notified that the group "KTS Predators Hunters" had posted a 21 minute video to Facebook which depicted an incident at a McDonald's in Caseyville, Illinois. "KTS Predator Hunters" are a group of truck drivers, who are not affiliated with law enforcement, that create their own undercover stings online to find adult men looking for children. In the Facebook video, two adult members of the "KTS Predator Hunters" group describe how they pretended to be a thirteen-year old girl online and had communications with Defendant Green. Green had agreed to come meet two "thirteen year old girls" at McDonalds for some "cuddles, snuggles, and Netflix." It is clear from the video, that it

4

is defendant Green who pulled up to meet the female children, but is instead confronted by members of KTS Predator Hunters. On July 25, 2019, a federal Grand Jury indicted the defendant for the December 2018 crimes.

Thus, the defendant was caught by St. Louis County Police attempting to receive child pornography and attempting to have sex with a fourteen-year-old girl. The defendant went so far as to go to a hotel to meet the child, who ended up being police. Then after that arrest, the defendant, six months later, be-friended another underage child online and attempted to meet her to engage in physical sexual contact, but again it turned out to be a ruse. Defendant cannot seem to stop himself from going online and meeting children.

At the detention hearing, the defendant's father testified the defendant could live with him at his home if defendant was released from custody. However, the defendant's father lives near a middle school and there was no indication from the testimony that the defendant would be monitored by an adult during the day when he is home.

FBI Special Agent David Rapp testified for the government at the detention hearing in front of Magistrate Judge Mensah about the facts of this case and the June incident with KTS Predator Hunters. Magistrate Judge Mensah found Agent Rapp's testimony credible.

The defendant is a real danger to children in the community and poses such a risk that GPS monitoring and home confinement are not enough. Without being detained in jail, the defendant is still able to use a phone or leave his residence. Detention is only way to ensure that his actions will be monitored. The Grand Jury has heard the facts of the case and made a probable cause determination by filing a true bill. The Government proffered evidence at the hearing that demonstrated there is probable cause for the charges and that the defendant is a

danger. Further, the Pre-Trial Release Officer assigned to the case is also recommending detention due to a risk of the flight and danger to the community. Doc. #10.

The defendant is facing serious charges that carry mandatory minimum sentences. The natures of these serious charges, coupled with the weight of the evidence against him and the fact he was caught twice trying to meet a minor for sex prove he is a danger. Community supervision cannot adequately protect the public in this case.

## **CONCLUSION**

Based on the facts of the case, the nature of the charges involving a minor, the defendant's willingness to meet another child online and then in person, and the presumption of detention, the defendant should remain confined awaiting trial.

    Respectfully submitted,

    JEFFREY B. JENSEN
    United States Attorney

    *s/ Colleen C. Lang*
    COLLEEN C. LANG, #56872MO
    Assistant United States Attorney
    111 South 10th Street, Room 20.333
    St. Louis, MO 63102
    (314) 539-2200

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 4, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

              *s/ Colleen C. Lang*
              COLLEEN C. LANG, #56872MO
              Assistant United States Attorney